**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SUSAN THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-1234-MLB |
| ) | |
| **FREIGHTLINER LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff was severely injured when the commercial van she was driving left the roadway and slammed into a tree. After the case had been pending for eight months, plaintiff amended her complaint to add DaimlerChrysler AG as a defendant.[1] This matter is before the court on DaimlerChrysler AG's motion for a more definite statement. (Doc. 72). For the reasons set forth below, the motion shall be GRANTED.

The standards for a motion for more definite statement are well established. A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion "shall point out the defects complained of and the details desired." Id. However,

---

[1] Plaintiff also sues 12 other defendants involved in the sale, distribution or repair of the van.

such motions are generally disfavored because of the liberal discovery available under the federal rules of civil procedure and are granted only when a party is unable to determine the issues requiring a response. Resolution Trust Corp. v. Thomas, 837 F. Supp. 354, 355 (D. Kan. 1993).

The allegations concerning DaimlerChrysler AG are set forth below:

44. The vehicle was in a defective condition and unreasonably dangerous as designed, taking into consideration the utility of the Freightliner van and the risk involved in its use. At the time the vehicle was placed into the stream of commerce, there were safer alternative designs other than those of the vehicle which caused the occurrence, injuries and plaintiff's damages. The safer alternative designs would have prevented or significantly reduced the risk of the occurrence, injuries and/or damages without substantially impairing the vehicle's utility, and the safer alternative designs were economically and technically feasible at all times relevant.

DaimlerChrysler argues that the vehicle has "thousands of components and systems" and plaintiff's failure to articulate the nature of the defect part or component renders the allegation vague and ambiguous. The court agrees. Plaintiff's conclusory allegations of a defective condition or design are so vague that defendant cannot reasonably be required to frame a responsive pleading.[2] Moreover, the accident occurred in December 2003 and this lawsuit has been pending for a year (filed July 22, 2005). The nature of the design defect and

---

[2] At best, DaimlerChrysler could respond with a general denial which would be equally vague and ambiguous. This court is of the opinion that the federal rules of pleading contemplate more than a conclusory allegation that the vehicle was "in a defective condition" or "unreasonably dangerous." Plaintiff must have had some basis for making such an allegation and DaimlerChrysler should be given fair notice of the controversy in this case.

the components involved should be reasonably determined by this time. Also, plaintiff alleges that "safer alternative designs" exist. In order to make such an assertion, plaintiff must have conducted some type of investigation and identified a defective component or design.[3]

**IT IS THEREFORE ORDERED** that DaimlerChrysler AG's motion for more definite statement **(Doc. 72)** is **GRANTED.** Plaintiff shall file and serve an amended complaint setting forth the nature of the design defect and defective components which give rise to her claim against DaimlerChrysler AG on or before **July 28, 2006.** Failure to comply with this order may result in an order striking claims against DaimlerChrysler as provided in Rule 12(e).

Dated at Wichita, Kansas this 13th day of July 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] In response to the motion, plaintiff asserts that "[s]he does not know what elements of design and manufacture led to her accident." This is a puzzling argument given the allegations in the complaint.