**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SUSAN THOMPSON,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **FREIGHTLINER LLC, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 05-1234-MLB |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motions to strike. (Doc. 86, 92). For the reasons set forth below, the motions shall be DENIED.

**Background**

Plaintiff was severely injured when the commercial van she was driving left the roadway and slammed into a tree. After the case had been pending for eight months, plaintiff amended her complaint to add a new party, DaimlerChrysler AG, as a defendant.[1] *DaimlerChrysler AG* moved for a more definite statement, arguing that the vehicle has

---

[1] The prior complaint listed 12 other defendants involved in the sale, distribution or repair of the van. Plaintiff's claim against DaimlerChrysler AG was limited to generalized allegations that "the vehicle was in a defective condition and unreasonably dangerous as designed."

"thousands of components and systems" and plaintiff's failure to articulate the nature of the defect, part, or component rendered the allegation vague and ambiguous. The court agreed and ordered plaintiff to file an amended complaint setting forth the nature of the design defect and defective components *giving rise to her claims against DaimlerChrysler AG.* (Doc. 79, filed July 13, 2006).

## Motions to Strike

Defendants Freightliner LLC; Kansas City Freightliner Sales Inc.; DaimlerChrysler Vans LLC; DaimlerChrysler Corporation; DaimlerChrysler North America Holding Corporation and DaimlerChrysler Services North America LLC move to strike "non-specific general conclusory allegations of defect" in plaintiff's third amended complaint based on: (1) Federal Rules of Civil Procedure 12(e) and (f) and (2) this court's July 13 Order. (Doc. 86). The motion shall be summarily denied. These defendants filed an answer to plaintiff's complaint on January 18, 2006; therefore, Rules 12(e) and (f) are not applicable. (Doc. 46).[2] Equally important, this court's July 13 order *only* granted *DaimlerChrysler AG's* request for a more definite statement concerning the claim against it. Accordingly, defendants' reliance

---

[2] Rule 12(f) requires that *a motion to strike by a party* must be filed *before* responding to the pleading. However, Rule 12(f) also permits the court, on its *own initiative at anytime,* to strike any redundant, immaterial, impertinent, or scandalous matter. The court declines defendants' invitation to strike the allegations on the court's own initiative because the allegations are neither immaterial, impertinent, nor scandalous. At worst, plaintiff's repeated reference to "defects" might be redundant, but not to the level warranting an order to strike allegations.

on the July 13 order is misguided.

**IT IS THEREFORE ORDERED** that Defendants' Freightliner LLC; Kansas City Freightliner Sales Inc.; DaimlerChrysler Vans LLC; DaimlerChrysler Corporation; DaimlerChrysler North America Holding Corporation and DaimlerChrysler Services North America LLC motion to strike **(Doc. 86)** is **DENIED.**

Separately, Defendant DaimlerChrysler AG moves to strike certain allegations in the amended complaint, arguing that plaintiff failed to comply with the court's July 13 order. Specifically, defendant argues that the third amended complaint still contains vague and conclusory allegations. The court does not agree.

The July 13 order required plaintiff to set out "the nature of the design defect and defective components" giving rise to her claim against DaimlerChrysler AG. (Doc. 79). In response, plaintiff alleged in her third amended complaint: "[i]n particular, "the van's seatbelt restraint rendered the vehicle defective." Plaintiff has specified the defective component upon which she bases her claim against DaimlerChrysler AG; therefore, the

motion shall be DENIED.[3]

**IT IS THEREFORE ORDERED** that DaimlerChrysler AG's motion to strike **(Doc. 92)** is **DENIED.**

Dated at Wichita, Kansas this 4th day of October 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] In support of its motion, DaimlerChrysler AG references paragraphs 23, 25, 27, 29, 31, and 33 of the third amended complaint.  Those paragraphs do not contain allegations concerning DaimlerChrysler AG but rather relate to other defendants.  The remaining paragraphs cited by DaimlerChrysler AG (18 and 45) expressly list the seatbelt restraint system as the defective component.

Moreover, plaintiff confirmed during a July 18, 2006 status conference that her intent in drafting the third amended complaint was to allege that the defective component upon which she asserts her claim is the seatbelt restraint system.