**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SUSAN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1234-MLB |
| ) | |
| FREIGHTLINER LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff was severely injured when the commercial van she was driving left the roadway and slammed into a tree. After the case had been pending for eight months, plaintiff amended her complaint to add DaimlerChrysler AG (DCAG) as a defendant.[1] This matter is before the court on defendant DCAG's motion to compel complete responses to 8 interrogatories and 39 production requests. (Doc. 162). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff also sues 12 other defendants involved in the sale, distribution or repair of the van.

**Interrogatory Nos. 3–6**

Interrogatory Nos. 3–6 ask plaintiff how the vehicle was defectively designed (No. 3), whether any safer alternative design existed when the vehicle was manufactured (No. 4), how the vehicle was defectively manufactured (Doc. 5), and how the vehicle failed to comply with specifically identified federal regulations or safety standards (No. 6). Plaintiff opposes the motion, arguing that she has been deposed and explained the "nature of the motor vehicle incident, her injuries, and the complaint she has made against defendant." (Doc. 169, p. 2). However, no deposition testimony has been proffered showing that DCAG's interrogatories have been answered.[2] Because plaintiff fails to show that the interrogatories have been answered, her objection based on the taking of her deposition is rejected.

Plaintiff also argues that her expert designations are due March 31, 2007 and that she will provide specific details at that time. This objection is also rejected. As noted above, plaintiff moved to amend her complaint to add DCAG eight months after this case was filed. The allegations in the complaint are extremely vague and DCAG is entitled to know the

---

[2] DCAG denies that plaintiff answered the interrogatories during her deposition. Because plaintiff asserts that she has answered the interrogatories, she carries the burden of showing that the information requested in the motion to compel is duplicative of her deposition responses. More importantly, an interrogatory answer must include facts and information known to her counsel as well as the named party.

details of the claims asserted against it.[3]  Accordingly, DCAG's motion to compel answers to Interrogatory Nos. 3–6 shall be GRANTED.

**Interrogatory Nos. 7–10**

Interrogatory Nos. 7–10 ask plaintiff how DCAG was negligent and caused her injuries (No. 7), whether the vehicle was defective because of inadequate warnings (No. 8), whether any other grounds for liability are claimed (Doc. 9), and how the vehicle caused or contributed to plaintiff's injuries (No. 10).  Similar to the objections asserted above, plaintiff argues that her deposition provides sufficient answers and that her expert disclosures will provide the additional details.  For the reasons set forth above, plaintiff's objections and arguments are rejected and the motion to compel answers to Interrogatory Nos. 7–10 shall be GRANTED.

---

[3]

Following her objections, plaintiff asserted: "the seat belt failed to comply with safety standards and the van failed to maintain crashworthiness."  This conclusory answer is insufficient because defendant requested specifics, such as: (1) which safety standards were violated, (2) how the seatbelt was defective, (3) how the vehicle failed to maintain crashworthiness, and (4) how the seatbelt and vehicle should have been designed.

DCAG is not seeking the premature disclosure of plaintiff's retained expert witness disclosures but rather the information which forms the basis of her claims against DCAG.  Plaintiff must be aware of some defect in the vehicle because she belatedly moved to amend her complaint to add DCAG.  Moreover, plaintiff's conclusory answer concerning "safety standards" suggests knowledge of more specific safety standards.  Plaintiff has a duty to answer the interrogatory with whatever information she and her attorney have.

**Production Request Nos. 27, 28, 30–37, 39–41, 45–48, 57, and 58**

After DCAG moved to compel the above listed 17 production requests, plaintiff agreed to "withdraw her objections and produce the responsive documents, if any." DCAG argues that although plaintiff now agrees to comply with the requests, no materials have been produced as of January 22, 2007. Because plaintiff presents no argument in opposition to the discovery requests, the motion to compel Production Request Nos. 27, 28, 30-37, 39-41, 45-48, 57, and 58 shall be GRANTED and a deadline for production will be established.

**Production Request Nos. 10–12 and 15–23**

Production Request Nos. 10–12 and 15–23 are similar to Interrogatory Nos. 3–10 and request documents related to the contentions in plaintiff's complaint that the seatbelt or the vehicle was defective. Plaintiff opposes the motion to compel, arguing that the "requests are so overly broad that they may be read to require production of all documents in plaintiff's possession that may be relevant or not to plaintiff's claims." (Doc. 169, p. 2). This objection is rejected. The production requests are not overly broad but rather specifically tailored to the claims asserted in plaintiff's complaint.[4] Accordingly, the motion to compel Production Request Nos. 10–12 and 15–23 shall be GRANTED.

---

[4] For example, Production Request No. 11 requests "any and all documents or reports upon which you base your contention that the 'seatbelt restraint' in the subject vehicle 'rendered the vehicle defective and unsafe for its intended purposes,' as alleged in Paragraph No. 18 of plaintiff's third amended original complaint."

**Production Request No. 29**

Production Request No. 29 asks for plaintiff's medical records for 10 years before the subject accident. Plaintiff opposes production, arguing that the request is unlimited in scope and includes documents ranging from an in-grown toenail to the flu. Plaintiff's objection is rejected. Plaintiff filed this lawsuit and placed her medical condition in issue; therefore, there is no doctor-patient privilege concerning the records. K.S.A. 60-427. Moreover, the requested records are relevant to plaintiff's pre-accident medical condition, quality of life, and life expectancy. Therefore, the motion to compel Production Request No. 29 shall be GRANTED.

**Production Request No. 38**

Production Request No. 38 asks for any and all photographs of plaintiff taken prior to the subject accident. Plaintiff opposes the motion to compel, arguing that the request is overly broad and unlimited in time and requests all pictures ever taken of plaintiff in any form and under any circumstances. The court agrees that the request is overly broad on its face and the motion to compel Production Request No. 38 shall be DENIED.[5]

---

[5] DCAG is granted leave to submit a revised production request that is reasonably limited in time (2 years before the accident). DCAG shall also specify the subject matter and nature of the requested pictures.

**Production Request No. 44**

DCAG moves to compel production of documents pertaining to plaintiff's claims for workers compensation benefits related to the accident or lost wages. Plaintiff opposes the motion, arguing that the documents may be obtained by "defendant directly issuing a subpoena to plaintiff's workers compensation provider." (Doc. 169. p. 4). Plaintiff's argument is rejected because she offers no valid reason for refusing to produce records in her possession and control. Accordingly, the motion to compel Production Request No. 44 shall be GRANTED.

**Production Request Nos. 49–52**

Production Request Nos. 49–52 request documents reflecting communications concerning plaintiff and this accident. Plaintiff agrees to DCAG's request, except for documents already exchanged by parties in this lawsuit during the course of discovery. DCAG objects to plaintiff's condition, arguing that documents were produced in this lawsuit before DCAG was a party; therefore, plaintiff must produce all requested documents. The court agrees that DCAG should not be burdened with attempting to sort out which documents were produced prior to its participation in the case. Accordingly, the motion to compel Production Request Nos. 49-52 shall be GRANTED.

**Production Request Nos. 53 and 54**

Request Nos. 53 and 54 seek documents relating to any settlement of claims arising from the accident or moneys received from any source concerning the accident. Plaintiff opposes the motion, arguing that the request is overly broad and constitutes a fishing expedition.[6] DCAG counters that the requested information is relevant to show the existence of (1) other medical providers, (2) other sources of evidence regarding the accident and plaintiff's injuries, and (3) possible offsets. DCAG's reference to "possible offsets" is too vague and ambiguous to show relevance and is therefore rejected. However, the requests are relevant for the purpose of showing other medical providers or sources of evidence concerning the accident and plaintiff's injuries; therefore, the motion to compel Production Request Nos. 53 and 54 shall be GRANTED.

**Production Request No. 56**

Production Request No. 56 seeks any documents related to any other litigation in which plaintiff was a party and sought damages during the past ten years. Plaintiff opposes the motion, arguing that the request should be limited to "litigation claiming personal injury damages." The court rejects plaintiff's limitations. Because the request seeks information which is reasonably calculated to discover evidence concerning pre-existing conditions,

---

[6] Plaintiff's argument in opposition to the motion is limited to a single sentence that "this request is overly broad and constitutes a fishing expedition." Plaintiff's conclusory argument provides little support for its position.

income, education, job qualifications or health, the motion to compel shall be GRANTED.

**IT IS THEREFORE ORDERED** that DaimlerChrysler AG's motion to compel **(Doc. 162)** is **GRANTED IN PART and DENIED IN PART**.  Plaintiff shall answer the interrogatories and produce the requested materials on or before **February 5, 2007.**  Failure to comply with this order may result in the imposition of sanctions, up to and including dismissal of any claims against DCAG.

Dated at Wichita, Kansas this 24th day of January 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge