IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-1234-MLB |
| ) | |
| FREIGHTLINER LLC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff was seriously injured when the Freightliner van she was driving left the road and struck a tree. One of the defendants, Body Builder, Inc., moves for summary judgment with respect to all claims against it. (Doc. 226). The motion has been fully briefed and is ripe for decision. (Docs. 226, 231, 232). For reasons stated herein, Body Builder's motion is granted.

### I. FACTS

The facts in this case, for the most part, are uncontroverted. On December 28, 2002, a Freighliner van owned by plaintiff's employer, Rentzenberger, Inc., rolled over onto its side after being driven on a slope.  Plaintiff was not driving the van on this occasion. After the 2002 accident, Body Builder was hired to repair the damage to the van.  Body Builder initially replaced glass and the driver's side mirror. Later, in March 2003, Body Builder repaired the left front fender, left front shell door, roof panel, front side panel, rear side panel, and the rear quarter panel.  At no time did Body Builder inspect, replace, or repair the driver's seatbelt or seatbelt mechanism.

Jack Pursley, the Regional Manager for Renzenberger, did not have Body Builder check the seatbelts in the van. Neither Pursley nor Tim Ren, Site Manager for Renzenberger, told Body Builder that there was a problem with the seatbelt.

On December 8, 2003, plaintiff was injured in a single-vehicle accident while driving the Freightliner van. The latch mechanism on plaintiff's seatbelt did not engage and plaintiff suffered severe injuries, rending her a paraplegic. According to plaintiff, there had been problems with the seatbelt in the year following the first accident: "Sometimes it would work and sometimes it wouldn't . . . latch." Plaintiff "had had [the van] in to East Side Auto" after the first accident and does not believe the seatbelt was "changed." The records of East Side Auto show that between October 2002 and March 2004, the van was in for repairs or service on 41 occasions. East Side Auto never repaired or replaced the seatbelt. There is nothing in the record about a problem with the seatbelt being reported to Rentzenberger, East Side Auto or Body Builder.

During the year between the first and second accidents, the van was driven approximately 113,000 miles.

According to affidavits of two "expert" witnesses retained by plaintiff, the owner's manual for the van recommends that seat belts be inspected following an accident. There is nothing in the record to show that Body Builder ever saw the owner's manual. One of the "experts" examined the seat belt mechanism in May <u>2007</u> and opined that the "seatbelt pretensioner" was disabled in the <u>2002</u> accident.

**II. SUMMARY JUDGMENT STANDARD**

The rules applicable to the resolution of this case, now at the

summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."  <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  <u>Prenalta Corp. v. Colo. Interstate Gas Co.</u>, 944 F.2d 677, 684 (10th Cir. 1991).

### III. ANALYSIS

Plaintiff asserts that Body Builder is liable for failing to inspect the seatbelt after the 2002 accident.  Plaintiff alleges that had Body Builder checked and replaced the seatbelt she would not have suffered severe injuries during the 2003 accident.  Body Builder moves for summary judgment on the basis that it did not have a duty to inspect the seatbelt and that plaintiff does not have sufficient evidence to support her claim.  Because the court finds that no duty existed, it will not consider the sufficiency of evidence ground.

However, based on the record, it is questionable whether the opinions of plaintiff's "experts" could survive a Daubert challenge.

To assert a claim for negligence, plaintiff must establish the following elements: (1) the existence of a duty; (2) breach of that duty; (3) causation between the duty breached and the injury received; and (4) damages due to the negligence. See, e.g., Woodruff v. City of Ottawa, 263 Kan. 557, 951 P.2d 953, 956 (1997); Lamb v. State, 33 Kan. App.2d 843, 109 P.3d 1265, 1268 (2005). The existence of a legal duty is a question of law. Lamb, 109 P.3d at 1268.

First, plaintiff asserts that Body Builder's duty arises under Section 324A(b) or (c) of the Restatement (Second) of Torts. Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

The Kansas Supreme Court held that in order for section 324A to be applicable a plaintiff must show that a defendant assumed the obligation through an affirmative act. Sall v. T's, Inc., 281 Kan. 1355, 1364, 136 P.3d 471, 477 (2006)(citing Honeycutt By and Through Phillips v. City of Wichita, 251 Kan. 451, 464, 836 P.2d 1128, 1137 (1992). The extent of defendant's undertaking defines the scope of

his duty.  Id.  "[O]ne who does not assume an obligation to render services does not owe a duty to third persons." Honeycutt, 836 P.2d at 1137 (quoting Anderson v. Scheffler, 248 Kan. 736, Syl. ¶ 3, 811 P.2d 1125 (1991)).

In most cases, the Kansas Supreme Court has determined that no duty existed because the individuals did not undertake to perform the specific act.  Sall, 136 P.3d at 477 (citing cases).  Here, there is no dispute that Body Builder never agreed to inspect the seatbelts. Moreover, Body Builder was never asked to inspect the seatbelts. Clearly, both sections 324A(b) and (c) state that a duty occurs as a result of the "undertaking."  Those sections cannot create liability to a third party when a defendant does not undertake to perform a certain act.  Body Builder, therefore, had no duty to plaintiff, a third party, when it did not affirmatively agree to inspect the seatbelts.  See, e.g., Roe v. Department of SRS, 278 Kan. 584, 595, 102 P.3d 396 (2004) (SRS undertaking to monitor services provided by the Bureau of Indian Affairs and county mental health center was only a limited or incidental undertaking which did not give rise to a § 324A duty); Cunningham v. Braum's Ice Cream and Dairy Stores, 276 Kan. 883, 896, 80 P.3d 35 (2003)(emergency action plan was not a sufficient undertaking where it did not speak to the situation presented); Honeycutt, 836 P.2d at 1138 (school district's handbook that safety patrol should be stationed at railroad crossing as needed was not an affirmative assumption of a duty to provide safety patrol at railroad so as to constitute an undertaking); Meyers v. Grubaugh, 242 Kan. 716, 750 P.2d 1031 (1988); Hanna v. Heur, Johns, Neel, Rivers & Webb, 233 Kan. 206, 662 P.2d 243 (1983)(architects did not agree to be

responsible for safety practices on the jobsite and took no actions indicating they assumed any such responsibility); Geiger-Schorr v. Todd, 21 Kan. App.2d 1, 901 P.2d 515 (1995) (KAAMCO had not undertaken to inform nondirectly insured physicians about certain malpractice coverage).

Plaintiff next argues that Body Builder had a duty under section 404 of the Restatement. Even though section 404 of the Restatement has not been adopted or cited by any Kansas court, plaintiff cites Vrooman v. Beech Aircraft Corp., 183 F.2d 479 (10th Cir. 1950), for the proposition that the Tenth Circuit has applied that section in a Kansas case. This court has commented on Vrooman in another case:

> Vrooman involved an airplane that was returned to defendant manufacturer for repairs; defendant purported to repair it; and the plane crashed shortly thereafter while the non-owner plaintiff was flying it. Vrooman, 183 F.2d at 480. The existence of the manufacturer/repairman's duty in Vrooman turned upon the court's characterization of the airplane as "a thing of danger". Id.; see also 57A AmJur2d, Negligence § 123 (1989) ("[N]o privity of contract is essential to support liability for negligence in respect of acts or instrumentalities which are imminently dangerous."); 7A AmJur2d, Automobiles and Highway Traffic § 736 ("The exception to the privity doctrine in favor of 'inherently' dangerous products, that is, products dangerous by their nature, has been held not to extend to motor vehicles and their accessories and supplies.").

Stewart v. NationaLease of Kansas City, Inc., 920 F.Supp. 1188, 1195, n. 7 (D. Kan. 1996). Accordingly, Vrooman does not support the conclusion that Body Builder owed a duty to plaintiff in this case.

Even if the Kansas courts would recognize a cause of action pursuant to section 404, it would not be applicable in this case. Section 404 states as follows:

> One who as an independent contractor negligently makes, rebuilds or repairs a chattel for another is subject to the same liability as that imposed upon negligent

-6-

> manufacturers of chattels under the rules stated in §§ 395 to 398.
> Comment:
>     a. When employer furnishes plan, design or materials. The rule stated in this Section requires an independent contractor who makes, rebuilds or repairs a chattel for an employer to do everything which he undertakes with the same competence and skill which is required of a manufacturer in doing those things which are necessary to the turning out of a safe product.

This section imposes the same duty upon an independent contractor as those duties imposed upon manufacturers under sections 395-398. Plaintiff has not asserted that Body Builder has a duty under sections 395-398 and, therefore, section 404 would not be applicable in this case. Moreover, Rentzenberger never furnished Body Builder with a "plan, designs or materials."

Finally, plaintiff asserts that Body Builder had a duty to inspect the seatbelt pursuant to the owner's manual and/or "standard industry practice," as opined by plaintiff's "experts." Plaintiff fails, however, to point the court to any authority which would support these positions. In the absence of any authority, the court declines to create legal duties based upon owner's manuals or the opinions of "experts."

Body Builder's's motion for summary judgment (Doc. 226) is therefore granted.

**IV.   CONCLUSION**

Body Builder's's motion for summary judgment is granted. (Doc. 226). The clerk is ordered to enter judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Rule 54(b), the court expressly determines that there is no just reason for delay.

A motion for reconsideration of this order pursuant to this

court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  22nd    day of August 2007, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE